UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| In re: | Case No. 25-11431 (PB) |
|     Elizabeth Thomas | Chapter 13 |
|     Debtor. | **OBJECTION TO PROOF** |
| _____X | **CLAIMS NO. 5** |

**TO THE HON. JUDGE PHILIP BENTLEY**
**UNITED STATES BANKRUPCTY JUDGE**

    Elizabeth Thomas (the "Debtor"), respectfully submits this objection seeking to expunge, and deny proof of claim No. 5 submitted by Quantum3 Group LLC as agent for MOMA Funding LLC, and for such other and further relief as the Court deems appropriate and in support thereof sets forth the following:

## Background

1. On June 27, 2025, the undersigned Debtor, filed a voluntary petition case no. 25-11431 (the "Petition Date") seeking relief under the protective provisions of Chapter 13 of Title 11 of the United States Code 11 U.S.C § 101 *et seq*. (the Bankruptcy Code").

## PROOF OF CLAIM # 5.

2. On August 11, 2025, Quantum3 Group LLC as agent for MOMA Funding LLC, filed POC# 5 ( the "Claim"),claiming that an estimated amount of $343.14, of unsecured debt is owed.  **Exhibit A**

3. Quantum3 Group LLC claims to be acting as agent for MOMA Funding LLC, concerning a debt purportedly owed to Wal-Mart.  Debtor is not familiar with the debt.

4. The Proof of Claim No.5 filed by Quantum3 Group LLC as agent for MOMA Funding LLC fails to include sufficient documentation to establish the validity and amount of the alleged debt, as required by Federal Rule of Bankruptcy Procedure 3001(c). The attached documents are

incomplete, illegible, or otherwise inadequate to prove that the Debtor(s) owe the claimed amount as there is no contract, itemized statements or payment history.

5. Debtor believes that this debt accrued on December 8, 2013, in the principal amount of $343.14,is barred by statute of limitations. Debtor denies making a payment on December 18, 2023, and seeks proof of this payment.

6. The Debtor denies being liable for this debt claimed by Quantum3 Group LLC as agent for MOMA Funding LLC.

7. Debtor moves the court to expunge it.

### Basis for Relief

8. Pursuant to 11 U.S.C. § 502(a), a proof of claim may be objected to by a party n interest. The Debtor is a party of interest an accordingly is suitable to bring this claim objection.

9. Federal Rule of Bankruptcy Procedure 3007 sets forth the procedure for objecting to a claim which Debtor has complied with by bringing this Motion and Notice of Motion and setting a hearing.

10. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes **prime facie** evidence of the validity and amount of the claim. While a filed proof of claim "is deemed allowed" under section 502(a) of the Bankruptcy Code unless a party in interest objects "once an objectant offers sufficient evidence to overcome the **prime facie** validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim." *In re Rockefeller Ctr. Props*., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 20002).

11. The Debtor denies being liable for this debt claimed by Quantum3 Group LLC as agent for MOMA Funding LLC. Additionally the debt is barred by statute of limitations.

WHEREFORE, the Debtor respectfully request that this Court find that the Court find that the estimated amounts owed to Quantum3 Group LLC as agent for MOMA Funding LLC, on the Claim be expunged for the reasons set forth above and that the Court enter the annexed Order and grant such other relief that it deems just and proper.

Dated: September 22, 2025.

                    Respectfully submitted

                    */s/Elizabeth Thomas*
                    Elizabeth Thomas Self Represented
                    712 H Street NE # 2487
                    Washington DC 20002
                    elizthomas234@gmail.com