**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Bankruptcy Case |
|  | ) |  |
| **Elizabeth Thomas**, | ) | **Case No. 25-11431-pb-13** |
|  | ) |  |
| Debtor. | ) | Chapter 13 |
|  | ) |  |

## LIMITED OBJECTION TO VOLUNTARY DISMISSAL

Creditor P.C.F. Properties in TX, LLC ("Creditor"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to debtor Elizabeth Thomas's ("Thomas" or "Debtor") *Declaration of Filing in Improper Venue* [D.I. 66] (the "Venue Declaration"). While Creditor does not object to Thomas' request dismissal, Creditor asserts that any dismissal should not be granted without certain conditions on the Debtor due to the Debtor's bad faith. Specifically, this Court should enter an order: (a) dismissing Thomas' Chapter 13 case with prejudice, (b) barring future bankruptcy filings for a period of two years, (c) stating if the Debtor files another bankruptcy in the next two years, the automatic stay imposed by Section 362 of the Bankruptcy Code will not bar any actions by Creditor with respect to the Property[1] or to enforce the Debtor's objections to Creditor. In support of this Objection, Creditor avers as follows:

1.  Creditor incorporates by reference its previous limited objection to Thomas's first *Notice of Voluntary Dismissal* [D.I. 48], which Creditor filed on October 31, 2025 [D.I. 57] (the "First Objection").

---

[1] All capitalized terms not defined herein shall have the same meaning as set forth in the First Objection (defined in paragraph 1 hereto).

2. Since the filing of the first objection, additional grounds for dismissal with prejudice have occurred.

3. Specifically, Thomas failed to respond to Creditor's requests for production of documents, and failed to attend her duly noticed deposition.

4. Thomas' request for dismissal should therefore not be granted without conditions.

WHEREFORE, Creditor respectfully requests this Court enter an order: (a) dismissing Thomas' Chapter 13 case with prejudice, (b) barring future bankruptcy filings for a period of two years, (c) stating if the Debtor files another bankruptcy in the next two years, the automatic stay imposed by Section 362 of the Bankruptcy Code will not bar any actions by Creditor with respect to the Property (located at 8202 Terra Valley Lane, Tomball, TX 77375) or to enforce the Debtor's objections to Creditor. In support of this Objection, Creditor avers as follows

Dated: November 25, 2025                Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Andrew Lolli*
Andrew Lolli
400 Park Ave., 12th Floor
New York, NY 10022
Telephone: (212) 209-4400
Email: alolli@atllp.com

-and-

Jonathan M. Stemerman (*pro hac vice*)
ARMSTRONG TEASDALE LLP
1007 North Market Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 416-9667
Email: jstemerman@atllp.com

*Attorneys for P.C.F. Properties in TX, LLC*