**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**NEW YORK DIVISION**

_____x

In re:      Elizabeth Thomas                                            Bankruptcy No.  25-11431

           Debtor.

_____x          **Chapter 13**

**Elizabeth Thomas**
                              *Plaintiff*
vs.                                                                      ADV. PRO. NO._____

**P.C.F. Properties in TX, LLC**
                              *Non-Existent*
_____x          **"JURY TRIAL DEMANDED"**

### COMPLAINT FOR A DECLARATORY JUDGMENT

Plaintiff Elizabeth Thomas, files this Adversary Proceeding seeking a "Declaratory Judgment" that Non-Existent P.C.F. Properties in TX, LLC, is not a creditor, of the debtor as this entity lacks a legal existence and in support hereof, avers as follows:

### JURISDICTION AND VENUE

1.      The District Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334.  This is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a)  as it relates "private property rights." Venue is improper. Debtor does not consent Final Orders or Judgment of the Bankruptcy Court and has demanded a jury trial.

### PARTIES

2.      Defendant is P.C.F. Properties in TX, LLC., is a fictitious entity that is not organized as a legal entity in any state of the union as such is Non-Existent.

### INTRODUCTION

3.      According to the Texas Secretary of State the correct spelling of record for **P.C.F.** PROPERTIES IN TX LLC., a Texas Limited Liability Company is in ***all caps*** with ***dots***

proceeding each the letter example: **P.C.F. Ex.** 1. This is in accordance with Texas Administrative Code § 79.32(b) and (d) which provides that the secretary of state will recognize the use of entity upper and lower case letters in the presentation of entity name and the symbols recognized as a part of the name including …………dots.

4.      Additionally according to the Texas Secretary of State absence the spelling of **P.C.F.** PROPERTIES IN TX LLC., in ***all caps*** with ***dots*** proceeding each letter i.e.  **P.C.F**. creates a whole unrelated separate and distinct unrelated entity from **P.C.F.** PROPERTIES IN TX LLC, when spelled without the dots and using lower case letters such as P.C.F. Properties in TX, LLC, is a fictional entity that is ***not*** a Texas Limited Liability Company. **Ex**. 2.   This is of significance because it evidences before this court that **P.C.F.** PROPERTIES IN TX, LLC, and P.C.F. Properties in TX, LLC, under Texas law are not one and the same they are two unrelated entities that are separate and distinct.

## PROCEDURAL HISTORY

5.      On August 29, 2025, Tony Halaris the alleged director of P.C.F. PROPERTIES IN TX LLC, a Texas limited Liability Company, filed Proof of claims Nos. 8, 9, 10, 11, and 12 allegedly claiming to be the debtor creditor. Proof of claim No. 12 however is the April 19, 2023 judgment in the name of PCF Properties in Texas LLC.

6. On September 25, 2025, Armstrong Teasdale LLP., filed a "Objection to Debtor Confirmation due to Bad Faith filing  and Motion to Dismiss due to lack of Venue" on behalf of Non-Existent P.C.F. Properties in TX. LLC, a non-Texas limited liability company alleging this non-existent entity is the debtor creditor evidence by same Proof of claims Nos. 8, 9, 10, 11, and 12, filed by P.C.F. PROPERTIES IN TX LLC, a Texas limited Liability Company. (Doc No. 31). Non-Existent P.C.F. Properties in  TX, LLC., is not  a creditor as they lack a legal existence.

7.  Non-Existent P.C.F. Properties in TX, LLC., filed these pleadings for the sole purpose of attempting to litigate and the bankruptcy court make a determination over third party property rights by claiming that Thomas claims that she is the owner of a property located at 802 Terra Valley Lane, Tomball, TX 77375 (the "Texas Property").

8.   In a unrelated adversary proceeding for which the Debtor was not as named party to Non-Existent P.C.F. Properties in TX, LLC., alleges that on August 7, 2025, the United States Bankruptcy Court for the Southern District of Texas, found, among other things, that "the Legal Owner of the Property Located at 8202 Terra Valley Lane, Tomball, Texas 7775 is P.C.F. Properties in TX, LLC" (the "True Owner"). This is a prior court's decision or finding of fact that is considered hearsay if offered to prove the truth of the matter asserted in a separate case. Hearsay is inadmissible.

9. In a unrelated adversary proceeding for which the Debtor was not as named  party to Non-Existent P.C.F. Properties in  TX, LLC., alleges that  the Court further found that "Attorney James Anderson, acting in concert with Elizabeth Thomas and Attorney Alzadia Spires, coordinated the creation of a Colorado LLC named PCF Properties in Texas, LLC (the "Fraudulent Owner")" and that the "purpose and creation of the Fraudulent Owner was to defraud various courts into issuing orders that would interfere with the True Owner's rights as an owner.". The Court then described the fraudulent scheme in more detail, including Ms. Thomas' conduct.  This is a prior court's decision or finding of fact that is considered hearsay if offered to prove the truth of the matter asserted in a separate case. Hearsay is inadmissible.

10.  In a unrelated adversary proceeding for which the Debtor was not as named party to Non-Existent P.C.F. Properties in TX, LLC., alleges that on August 27, 2025, following an evidentiary hearing, the Court made (among other findings)  the following finding: "there is a

sufficient likelihood that Mr. Simpson does not exist as a real person and is a fictitious person created by Elizabeth Thomas. The Court also found that Mr. Andersen has allowed his CMECF filing privileges to be abused by a third party, in particular Elizabeth Thomas." This is a prior court's decision or finding of fact that is considered hearsay if offered to prove the truth of the matter asserted in a separate case. Hearsay is inadmissible.

11.   The debtor was *not* a party to the prior litigation, the factual findings from that case usually cannot be used to automatically establish facts against the debtor in the current bankruptcy case. Applying the prior court's factual findings against someone who never had their "day in court" on those issues would violate due process principles.

12.   Non-Existent P.C.F. Properties in  TX, LLC., alleges that   on September 5, 2025, Thomas filed a proof of claim *in her own Chapter 13 case* on behalf of the Colorado LLC, "PFC Properties in Texas LLC".. In support of this claim, Thomas attaches an order from a Texas state court dated April 19, 2023 which, in part, declares "…Elizabeth Thomas and James Andersen have no rights title or interest in the Property of any sort …." Thomas apparently asserts that the Colorado LLC with a similar name to Creditor is the judgment creditor, but *the Colorado LLC was not formed until almost seven (7) months* after the judgment was entered.

13.   On November 7, 2025, Armstrong Teasdale LLP., filed a "Supplement Objection to Chapter 14 Plan and Motion to Dismiss" moving the court   Debtor files another bankruptcy in the next two years, the automatic stay imposed by Section 362 of the Bankruptcy Code will not bar any actions by Creditor  Non-Existent P.C.F. Properties in  TX, LLC, with respect to the property located at 8202 Terra Valley Lane, Tomball, TX 77375.

14.   Absence the hearsay statements in paragraph 8 Non-Existent P.C.F. Properties in TX, LLC., has not submitted a valid recorded "deed" evidencing any ownership interest in the

property located at 8202 Terra Valley Lane, Tomball, TX 77375.

15.   Instead under Texas law a non-existent entity such as P.C.F. Properties in TX, LLC., just as dead lack the ability to hold title or interest in land.

16.   According to the Harris Public Real Property Records Shelby Spires is among the parties that hold title to the located at 8202 Terra Valley Lane, Tomball, TX ,77375.

17.  The Seventh Amendment to the U.S. Constitution guarantees a right to a jury trial for certain actions "at law" (as opposed to actions in equity). Determinations of ownership rights in property are often actions at law, for which a constitutional right to a jury trial exists.

### THE HONORABLE JUDGE GEORGE C. HANKS JR. U.S.D.J.

18.   The law firm of Armstrong Teasdale LLP, files these pleadings in Non-Existent P.C.F. Properties in TX, LLC, name under the false pretense that this entity was party to a Texas state court "quiet title lawsuit" when in fact they were not.

19.  The Texas state court action was ***formerly*** styled as *James Allen, Robert Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in Texas LLC vs. Elizabeth Thomas and James M. Andersen* formerly in the 80th District Court, Harris County, Texas under cause No,. 2020-35780.

20.   On February 18, 2022, the Texas state court signed Plaintiff non-suit order effectively removing P.C.F. PROPERTIES IN TX, LLC, a Texas limited liability company as a Defendant and party to the lawsuit having filed no counter-claims or sought any affirmative relief. The Defendants were renamed by the Plaintiffs via Amended Petition on March 30, 2023, as *PCF Investments Inc., its subsidiary PCF Properties in Texas LLC.*

21.   On February 18, 2022, John V. Burger, and the Barry & Sewart PLLC, law firm allowed their client P.C.F. PROPERTIES IN TX, LLC, a Texas limited liability company to be

non-suited from the lawsuit as the defendant without objection and instead continue to litigation

to judgment in the name of *PCF Properties in Texas LLC,* a non-Texas limited liability

company.

22.    On April 19, 2023, while *PCF Investments Inc.,a/k/a/ PCF Properties in Texas LLC,*

was in chapter 7 bankruptcy filed on March 30,2023, in the U.S. Bankruptcy Court of Delaware

the Texas state court granted *PCF Properties in Texas LLC,* a non-Texas limited liability

company, Motion for summary judgment.

23.    Beginning in June of 2023, John V. Burger, and the Barry & Sewart PLLC, law firm

more than 30 days after the April 19, 2023, judgment became final and the Texas state court

plenary jurisdiction had expired commence to filing pleadings in Non-Suited P.C.F.

PROPERTIES IN TX, LLC, the Texas limited liability company name, despite no longer being

named as a party to lawsuit.

24.    **For example**: a. On July 24, 2023, the 80th District Court signed a "Temporary Order"
granting sanctions in Non-Suited P.C.F. PROPERTIES IN TX, LLC,
the Texas limited liability company name, despite the fact that they are
no longer being named as a party to lawsuit  (Proof of Claim No. 9);

b. On November 11, 2023, the 80th District Court signed a "Temporary
Order" in  granting sanctions in Non-Sued P.C.F. PROPERTIES IN
TX, LLC, the Texas limited liability company name, despite the fact
that they are no longer being named as a party to lawsuit  (Proof of
Claim No. 10; and

c. On November 16, 2023, 80th District Court signed a "Temporary
Order" Declaring Defendant Thomas a vexatious litigant in Non-Sued
P.C.F. PROPERTIES IN TX, LLC, the Texas limited liability company
name, despite the fact that they are no longer being named as a party to
lawsuit.

25. John V. Burger, and the Barry & Sewart PLLC, law firm continue their fraudulent scheme

of filing pleadings in the Non-Suited P.C.F. PROPERTIES IN TX, LLC, the Texas limited

liability company name, despite the fact that they are no longer being named as a

party to lawsuit. At the time they made these fraudulent filing neither the court nor clerk realized that Non-Suited P.C.F. PROPERTIES IN TX, LLC, the Texas limited liability company and the named Defendant PCF Properties in Texas LLC., a Colorado limited liability company, were not one and the same entities.

26.   On July 11, .2024 John V. Burger, and the Barry & Sewart PLLC, law firm created a new fictitious entity P.C.F. Properties in TX, LLC and filed a "case within a case" in 80th District Court below is a snapshot of the former and new "case within a case."

7/11/2024 1:16 PM<br>
Marilyn Burgess - District Clerk Harris County<br>
Envelope No. 89675417<br>
By: DANIELLE JIMENEZ<br>
Filed: 7/11/2024 1:16 PM

*CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs/Counter-Defendants,* | § | |
| | § | 80th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL | § § | HARRIS COUNTY, TEXAS |
| *Defendant/Third-Party Plaintiff* | § | |

MISC. DOCKET NO. 2020-35780

| | |
|---|---|
| In Re: A Purported | In the District Court |
| Lien or Claim Against Real Property Owned by | In and For Harris County, Texas |
| P.C.F. Properties in TX, LLC | 80th Judicial District |

26.   On March 26, 2024, PCF Properties in Texas LLC and Jireh Pitts *et al.* (collectively "the Defendants"), for the third time filed a "Notice of Removal" removing the two above-mention "case within a case" from the 80th District Court to the U.S. Southern District Court of Texas Houston; Division under case No. 25-cv-01437 before the Honorable Judge George C. Hanks Jr. U.S.D.J.

27.    Defendant PCF Properties in Texas LLC., a Colorado limited liability company pleaded before the Honorable Judge George C. Hanks Jr. U.S.D.J. that on October 10, 2024, Mr. Andersen filed a "Notice of Removal" with the U.S. District Clerk in the U.S. Southern District Court of Texas: Houston Division under case No. 24-cv-03875 removing named parties and "case within a case" as:

*James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC* ,vs. *Elizabeth Thomas and James M. Andersen* cause No. 2020-35780, from the 80th District Court, Harris County, Texas.

**Or**

P.C.F. *Properties in TX, LLC vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, and Monique Moore et al,* Misc. Docket No. 2020-35780 from the 80th District Court, Harris County, Texas.

    28. On or about October 13, 2024, the U.S. District Clerk of Court contacted Mr. Andersen and advised that October 10, 2024, Notice of Removal had been incorrectly filed, as Andersen cannot file a "case within a case." It's either the parties in case under cause No.2020-35780 or the parties in case under MISC Docket 2020-35780, but it cannot be both and is subject to dismissal unless amended.

    29.    On October 15, 2024, Mr. Andersen filed an Amended Notice of Removal (the "Adversary Complaint"), naming the claims of the parties as: P.C.F. *Properties in TX, LLC vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, and Monique Moore et al,* Docket No. 2020-35780, only from the 80th District Court, Harris County, Texas, which are the parties named in the last live pleadings before the State Court.

    30.  A removal petition (a"Notice of Removal") may be amended freely within the thirty day period set forth in 1446(b).'" *Gibbs v. Ocwen Loan Servicing, Inc.,* No. 3:14-cv-1153-M-BN, 2014 WL 2767206, at *3 (N. D. Tex. June 18, 2014) (quoting *Alford v. Chevron U.S.A. Inc.*, No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014). A amended complaint supersedes a

*prior complaint* and ***renders the prior complaint of no legal effect***. See *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc*., 759 F.2d 504, 508 (5th Cir. 1985)). *Eason vs. Holt,* 73 F.3d 600, 603, (5th Cir 1996).

31.  The Honorable Judge Alfredo R. Perez U.S.B.J., thereinafter terminated *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC.,* from the case and on November 5, 2024, signed a "Remand Order" remanding solely the case styled as .C.F. *Properties in TX, LLC vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, and Moniqu**e** Moore et al* back to the 80th District Court.

32.   Defendant PCF Properties in Texas LLC, a Colorado limited liability company argued before the Honorable Judge George C. Hanks Jr. U.S.D.J., that despite the  fact the claims and former parties  *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen* were non-suited through the October 15,2023, Amended removal petition (a" Notice of Removal") amended complaint supersedes a *prior complaint* and ***renders the prior complaint of no legal effect***. See *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc*., 759 F.2d 504, 508 (5th Cir. 1985)). *Eason vs. Holt,* 73 F.3d 600, 603, (5th Cir 1996). John V. Burger, and the Barry & Sewart PLLC, law firm were trying to get the  80th District Court to reinstate the case and parties.

33.   John V. Burger, and the Barry & Sewart PLLC, law firm had set a hearing before the successor judge in the 80th District Court with Non-Existent P.C.F. Properties in TX., LLC and named the *former* non-suited parties  *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen* seeking the court to realign parties to the April 19, 2023 judgment by

naming Non-Suited P.C.F. PROPERTIES IN TX, LLC, the Texas limited liability company as the proper party instead of Defendant *PCF Properties in Texas LLC* a Colorado limited liability company

34.  Pending before the Honorable Judge George C. Hanks Jr. U.S.D.J., already was a related case arguing that P.C.F. Properties in TX., LLC is non-existent according to Texas Secretary of State

35.  On May 9, 2025, the Honorable Judge George C. Hanks Jr. U.S.D.J., solution was to realign the parties in every court where an action regarding the property was pending, i.e. the 80th District Court, First Court of Appeals and Texas Supreme Court.  As to the 80th District Court the remand order made clear that the parties are realigned in case under cause No. **2020-35780**, as P.C.F.PROPERTIES IN TX, LLC. [not P.C.F. Properties in TX,LLC as originally filed as they do not exist] vs. PITTS, JIREH *et al.,*  below is a snapshot of the remand order.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

P.C.F. PROPERTIES IN TX, LLC,      §
                                   §
        Plaintiff,                 §
VS.                                §    CIVIL ACTION NO. 4:25-CV-1437
                                   §
PITTS JIREH, *et al.,*             §
                                   §
        Defendants.                §

**ORDER REMANDING CASE**

36.     In Texas, temporary orders are by definition interlocutory (not a final judgments) and are therefore vacated when the underlying case is dismissed through a nonsuit. The effect is that the temporary orders are nullified automatically without the need for a separate court order. In re Bennett, 960 S.W.2d 35, 38(Tex. 1997) *See Hyundai,* 892 S.W.2d at 854-55.

37.  All the temporary orders listed above as a-c has been vacated as the prior claims and case in the 80th District Court *formerly* styled as  *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen has been non-suited and no longer exist.*

7/11/2024 1:16 PM<br>
Marilyn Burgess - District Clerk Harris County<br>
Envelope No. 89675417<br>
By: DANIELLE JIMENEZ<br>
Filed: 7/11/2024 1:16 PM

*CAUSE NO. 2020-35780

| | | |
|---|---|---|
| JAMES ALLAN, ROBERT L. THOMAS and ALLAN HAYE, <br> *Plaintiffs/Counter-Defendants,* | § § § § | IN THE DISTRICT COURT |
| | § | 80th JUDICIAL DISTRICT |
| v. | § § | |
| PCF PROPERTIES IN TEXAS, LLC, ET AL <br> *Defendant/Third-Party Plaintiff* | § § § | HARRIS COUNTY, TEXAS |

38.    As of today the case in the 80th District Court has been restyled as In re: P.C.F. PROPERTIES IN TX,LLC vs. JAMES ANDERSEN et al., as detailed below in the snapshot:



39.    The Plaintiff has never been in litigation with a Non-Existent P.C.F. Properties in TX, LLC., over any ownership property rights in the State of Texas and there are no proof of claims in the register naming this non-existent entity as a creditor. Who is this entity?

## COUNT I
### *Objection to Motion to Dismiss and Bad Faith Filing or Discovery*
### *Due to Lack of Standing under* Section 1109(b)

40.   The Plaintiff' repeat, reiterate and re-allege paragraphs 1 through 39 with same force and effect as if fully set forth at length herein.

41.   Section 1109(b) of the Bankruptcy Code states, in relevant part, that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Generally, courts have held that "a party in interest is one that has a sufficient interest in the outcome of the case that  would require representation, or a pecuniary interest that will be directly affected by the case." *In re Innkeepers USA Trust, et al.,* 448 B.R. 131, 141 (Bankr. S.D.N.Y. 2011). In other words, "a party in interest must have a financial or legal stake in the outcome of the particular matter." *Old Carco,* 500 B.R. at 691 (citation omitted).

42.   P.C.F. Properties in TX, LLC, is a fictitious entity that lacks a legal existence due never being duly formed in any state of the union as such is not "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter."

43.   Under Section 1109(b) party in interest will not have standing in a chapter 13 case without also satisfying the demands of prudential standing and Article III constitutional standing and has no standing to undertake discovery without demonstrating that they would "suffer a concrete and particularized injury in fact that is actual and imminent, not speculative, as a result of plan confirmation and "cannot object to confirmation on the ground that a plan infringes upon

the rights of another non-objecting party.

44.  Generally, to have standing in bankruptcy court, a party must possess: (i) constitutional standing; (ii) prudential standing; and (iii) standing under section 1109 of the Bankruptcy Code. *In re Motors Liquidation Co.,* 580 B.R. 319, 340 (Bankr. S.D.N.Y. 2018); *see In re Old Carco LLC,* 500 B.R. 683, 690 (Bankr. S.D.N.Y. 2013) (indicating that a party invoking federal jurisdiction bears the burden to establish that it meets "(1) Article III's constitutional requirements, (2) federal court prudential standing requirements, and (3) the `party in interest' requirements under Bankruptcy Code 1109(b)."). "All three standing requirements must be met to have standing." *Motors Liquidation,* 580 B.R. at 340. Non-Existent P.C.F. Properties in TX, LLC, is a fictitious entity that lacks standing under section 1109(b) legal existence due never being duly formed in any state of the union. Rule 17(b)(3)(A) permits courts to imbue unincorporated associations and partnerships with  the capacity to sue. But this power does not extend to entities that lack a legal existence. *See*: *Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001).*Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992).

b.  ***Defendant Lack Constitutional Standing To Seek Relief In A Federal Court***

45.  The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of *Warth v. Seldin* addressing the question of standing in a federal court as follows:

> "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the

outcome of the controversy" as to warrant his invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962).  The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." _Warth v. Seldin_ 422U.S.490, 498 (1975)."

46.   Constitutional standing, also commonly referred to as Article III standing, generally requires that a party  have "suffered an injury in fact that is fairly traceable to the challenged conduct of defendant and is likely to be redressed by a favorable court decision in order to bring suit in the federal courts." _Astra Oil Trading v. PRSI Trading Co. LP,_ 794 F. Supp. 2d 462, 471 (S.D.N.Y. 2011) (citing _Lujan v. Defenders of Wildlife,_ 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). It must be that the non-existence of the supposed claimant is a problem of constitutional magnitude, see: _In re 2016 Primary Election, 836 F.3d 584, 587_ (6th Cir. 2016).

47.   Specifically, an injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." _Lujan,_ 504 U.S. at 560, 112 S.Ct. 2130 (internal citations and quotation marks omitted).

48.   Non-Existent P.C.F. Properties in TX, LLC, is a fictitious entity that as not suffered an injury or "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical as such lacks constitutional standing due to having no legal existence and their exist no "case or controversy" between debtor and the defendant within the meaning of Art.III. After all, "[t]he most elemental requirement of adversary litigation is that there be two or more parties," meaning that "[a]bsent a plaintiff or defendant with a legal existence, there can be **no** Article III case or controversy." _House v. Mitra QSR KNE LLC_, 796 F. App'x 783, 787 (4th Cir. 2019) (quoting Wright & Miller § 3530).

c. *Defendant lacks prudential standing*

49.     Defendant must also demonstrate prudential standing pursuant to which a party must generally "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *In re Genesis Glob. Holdco, LLC,* 660 B.R. 439, 496 (Bankr. S.D.N.Y. 2024) (quoting *In re Quigley,* 391 B.R. 695, 702 (Bankr. S.D.N.Y. 2008). In other words, "[c]ourts should therefore hesitate before resolving a controversy on the basis of a third party's rights that are not involved in the litigation." *Id.*

50.  Here it's legally impossible for an entity like P.C.F. Properties in TX, LLC, who lacks a legal existence to prudential standing with its own legal rights and interests because they simply do not exist.

## COUNT II
### Bankruptcy Fraud

51.  The Plaintiff' repeat, reiterate and re-allege paragraphs 1 through 39 with same force and effect as if fully set forth at length herein

52.   On September 25, 2025, Armstrong Teasdale LLP., filed a "Objection to Debtor Confirmation due to Bad Faith filing  and Motion to Dismiss due to lack of Venue" on behalf of Non-Existent P.C.F. Properties in TX. LLC, a non-Texas limited liability company alleging this non-existent entity is the debtor creditor evidence by same Proof of claims Nos. 8, 9, 10, 11, and 12,

53. None of the Proof of claims Nos. 8, 9, 10, 11, and 12, is in the name of Non-Existent P.C.F. Properties in TX. LLC.

54.   The Proof of claims Nos. 8 and 11 are judgments rendered in favor in the name of PCF Properties in Texas LLC.

## COUNT III
### *Misrepresentation of Bad Faith Filings*

55. The Plaintiff' repeat, reiterate and re-allege paragraphs 1 through 39 with same force and effect as if fully set forth at length herein.

56. On September 29, 2025, Armstrong Teasdale LLP., filed pleadings alleging that the Plaintiff filed this bankruptcy in bad faith on behalf Non-Existent and has failed to meet its burden of proof. The party alleging bad faith has the burden of proving it in the current case, usually by a preponderance of the evidence. They must present specific evidence (witness testimony, documents, etc.) within the confines of the current trial, not rely on the factual findings of an entirely separate proceeding that the plaintiff was not even named as a party to.

57. Falsely misrepresents Thomas is a serial filer who has been found by a court of competent jurisdiction to be a vexatious litigant which is material false misrepresentation as this November 16, 2023, Temporary order was vacated on October 15, 2023, though a non-suit of the entire case.

58. Falsely misrepresents Thomas who is ***likely*** engaging in fraud to interfere with Movant's rights as the true owner of the Texas Property

59. Falsely misrepresents this bankruptcy case was filed in furtherance of that fraud, including listing the Texas Property as being owned by Thomas

60. Falsely misrepresents due to the nature of Thomas' debts to Creditor, as well as her improper claim of ownership of the Property, neither the Plan nor this bankruptcy case can be said to have been filed in good faith.

61. Falsely misrepresents that Thomas claims an exemption for $30,000 in jewelry, when the statutory cap is $2,125. *See* 11 U.S.C. § 522(d)(4).

62.     Falsely misrepresents that Thomas also claims an exemption for $50,000 in coins ($30,000 in silver and $20,000 in cold). It is unclear how these coins are exempt.

63.   Falsely misrepresents similarly, Thomas claims she owns $50,000 worth of clothing, all of which she claims is exempt. It is unclear how the entirety would be exempt.

64.   Falsely misrepresents Thomas also claims the full value of the Texas Property, which she claims is $495,000 as exempt. As set forth above, Thomas is not the owner of the Texas Property and, therefore cannot receive *any* discharge or exemption for the Texas Property. Her attempt to discharge the Texas Property—which she does not own—is an abuse of the bankruptcy process.

65.     Falsely misrepresents Thomas, if she is to be believed, also omits an asset. In an involuntary petition she filed in the United States Bankruptcy Court for the Southern District of Texas, Thomas claims she is owed $16,247.00 for a loan allegedly made to PCF Properties in Texas LLC.  However, Thomas' schedules do not list any loans.., is indicative of a litigant who is being less than truthful.

66.   Non-Existent P.C.F. Properties in TX,LLC., claims are based on hearsay statements from prior cases for which the debtor was *not* a party to the prior litigation, the factual findings from that case usually cannot be used to automatically establish facts against the debtor in the current bankruptcy case. Applying the prior court's factual findings against someone who never had their "day in court" on those issues would violate due process principles of law.

### COUNT IV
### *Declaratory Judgment*

67. The Plaintiff' repeat, reiterate and re-allege paragraphs 1 through 39 with same force and effect as if fully set forth at length herein.

68.     Federal Rule of Bankruptcy Procedure ("Rule") 7001(9) provides that an "adversary proceeding" includes "a proceeding to obtain a declaratory judgment pursuant to Rule 7001(7).

69.     The Declaratory Judgment Act provides that "[i]n the case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28U.S.C. § 2201(a).

70.     Plaintiff moves the Court to declare whether or not P.C.F. Properties in TX, LLC., has a legal existence if so in what state?

71.     Plaintiff moves the Court to declare what the rights and other legal relations are in regard to Non-Existent P.C.F. Properties in TX, LLC, and debtor in this bankruptcy due to its the lack of a legal existence.

72.     Declare that Plaintiff has never been involved in a property dispute with Non-Existent P.C.F. Properties in TX, LLC due the lack of a legal existence making it legally impossible for a entity that does not exist hold any title to land in Texas.

73.     Declare that Shelby Spires is among the current owners of the property located at 8202 Terra Valley Lane, Tomball Tx, 77375, through a valid deed recorded in the Harris County Public Real Property Records and is entitled to a trial by jury.

74.     Declare that Defendant Non-Existent P.C.F. Properties in TX, LLC lacks s*tanding under* Section 1109(b).

75.     Declare that Defendant Non-Existent P.C.F. Properties in TX, LLC lacks constitutional standing; and

76.     Declare that Defendant Non-Existent P.C.F. Properties in TX, LLC lacks prudential standing.

**WHEREFORE,** Plaintiff pray that the Court grant the relief requested herein and issue a Declaratory Judgment and Order holding that Non-Existent P.C.F. Properties in TX, LLC (1) lacks s*tanding under* Section 1109(b); (2) lacks constitutional standing; (3) lacks prudential standing; (4) has committed bankruptcy fraud by claiming to be a creditor; (5) has made material false representations of bad faith filings of the debtor; and (6) has claim ownership in others non-debtors property that a non-existent entity such  Non-Existent P.C.F. Properties in TX, LLC like the dead cannot not hold such title or interest in land under Texas law and for such other and further relief as to the Court may seem just and proper.

Dated:  December 8,  2025.

Respectfully submitted

/s/Elizabeth Thomas

Elizabeth Thomas Self Represented
712 H Street NE # 2487
Washington DC 20002
Tethomas3@aol.com