UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH THOMAS,
                      Appellant,

-v-

P.C.F. PROPERTIES IN TX, LLC,
                      Appellee.

25-CV-8932 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On October 28, 2025, Elizabeth Thomas, proceeding *pro se* and *in forma pauperis*, appealed an October 17, 2025 order (the "Order") from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") scheduling an evidentiary hearing in December 2025 and setting related deadlines. (ECF No. 1.) On November 5, 2025, Appellee P.C.F. Properties in TX, LLC ("P.C.F.") filed an emergency motion to dismiss Thomas's appeal. (ECF No. 6.) This Court gave Thomas an opportunity to respond (ECF Nos. 9, 10), which Thomas did on November 13, 2025 (ECF No. 11).

Under 28 U.S.C. § 158(a), federal district courts have appellate jurisdiction over "final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1); *see also* In re DBSD N. Am., Inc., 634 F.3d 79, 88 (2d Cir. 2011). With narrow exceptions, district courts may review non-final "interlocutory orders and decrees" of the bankruptcy court only "with leave of the court." 28 U.S.C. § 158(a)(3). Specifically, Rule 8004(a) of the Federal Rules of Bankruptcy Procedure requires that an appellant seeking to appeal an interlocutory order first "fil[e] a notice of appeal with the bankruptcy clerk." Fed. R. Bankr. P. 8004(d). If an appellant fails to do so, the district court may "treat the notice of appeal as a motion for leave to appeal and grant or deny it." *Id.*

In general, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). A bankruptcy court's determinations are not final if "they direct the parties to engage in or participate in further proceedings and do not resolve any substantive issue." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 660 (S.D.N.Y. 2005). The order that Thomas now appeals, which schedules an evidentiary hearing and sets certain deadlines, does not resolve any substantive issues and clearly qualifies as interlocutory. Nevertheless, the record shows that Thomas failed to seek the requisite leave from the Bankruptcy Court to appeal the interlocutory order.

Pursuant to Rule 8004(d), this Court considers the notice of appeal as a motion for leave to appeal. "To determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b)." *In re Anderson*, 550 B.R. 228, 234 (S.D.N.Y. 2016). Under 28 U.S.C. § 1292(b), a court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal from which "may materially advance the ultimate termination of the litigation." Because the Order at issue involves no questions of law, and its appeal is more likely to delay, rather than advance, the termination of the litigation, this Court denies Thomas's motion for leave to appeal.

For the foregoing reasons, P.C.F.'s motion to dismiss Thomas's appeal is GRANTED. The Clerk of Court is directed to terminate all open motions and to close the case.

SO ORDERED.

Dated: November 17, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2