Direct   212.209.4433   314.621.5065
alolli@atllp.com

January 13, 2026

**Via CM/ECF**
The Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re:**   **In re Elizabeth Thomas, 1:25-bk-11431-jpm-13**

Dear Judge Mastando:

This firm represents P.C.F. Properties in TX, LLC ("P.C.F."), a creditor in the above-referenced Chapter 13 bankruptcy case of Elizabeth Thomas (the "Debtor").  Recently, P.C.F. learned that on or about January 5, 2026, the Debtor has purportedly sold an alleged interest in a real property located at 8202 Terra Valley Lane, Tomball, Texas 77375 (the "Texas Property") for a substantial sum.  A true and correct copy of the General Warranty Deed with Vendor's Lien recorded with the County Clerk of Harris County, Texas is attached hereto as Attachment A.

The Debtor's purported sale of the Texas Property is troubling for several reasons.  First, in a declaration filed under penalty of perjury dated October 26, 2025, the Debtor disclaimed any interest in the Texas Property, stating in part "I am not the owners [sic] of the property located at 8202 Terra Valley Lane, Tomball, TX 77375 …."  **See** D.I. 46 at p. 11.  A true and correct copy of the Debtor's declaration is attached hereto as Attachment B.  Accordingly, it appears that the Debtor has sold a piece of property that she does not own.

Second, the Debtor has not disclosed this purported sale to the Court.

Third, the General Warranty Deed states that the Debtor sold the property for over $240,000.  But, when the Debtor listed the Texas Property on Schedule A/B of her Schedules of Assets and Liabilities, she listed the value of her interest in the property at $495,782.00.  **See** D.I. 12 at 1.

Accordingly, the Debtor has apparently: (1) sold real property she admittedly does not own, (2) for a price well below the value she claimed it was worth, (3) without Bankruptcy Court approval, and (4) has failed to disclose that sale to this Court.

It should further be noted that, after facing an objection to her Chapter 13 Plan from P.C.F., the Debtor withdrew her Plan but has not filed a new Plan.  **See** D.I. 78.  The withdrawal comes on the heals of several motions to dismiss her Chapter 13 bankruptcy, followed by subsequent withdrawals of those motions.  **See** D.I. 48, 58, 66, and 70.

The Debtor commenced her Chapter 13 bankruptcy on June 27, 2025.  Currently, there is no plan filed.  Upon information and belief, despite the passage of time, the Debtor has not made any payments pursuant to 11 U.S.C. § 1326(a)(1).  Moreover, the Debtor has continually admitted that venue is improper in this District.  **See, e.g.** D.I. 68, 70.

The Debtor's continued abuse of the bankruptcy cannot be allowed to continue.  In the Debtor's 2018 bankruptcy case in this District, related to the same Texas Property at issue here, Judge Lane found that "the filing of the Debtor's bankruptcy petition was party of a scheme to delay, hinder and defraud creditors that has involved multiple bankruptcy filing by the Debtor and affecting the [Texas] Property …."  **See** Attachment C, hereto.  Later, the Debtor was found by a court of competent jurisdiction to be a vexatious litigant, who is likely engaging in fraud to interfere with P.C.F.'s right as the true owner of the Texas Property.  **See** Attachment D.  Another court of competent jurisdiction found that P.C.F. is the "legal owner" of the Texas Property" and discussed the Debtor's scheme to interfere with P.C.F.'s rights to the Texas Property.  **See**, Attachment E, hereto.

This must end and it must end now.  While P.C.F. asserts that there is ample cause in the record for this Court to **sua sponte** dismiss the Debtor's bankruptcy for cause, at the very least, this Court should schedule an **in person** evidentiary hearing regarding the Debtor's conduct, as set forth in the **Order Scheduling Evidentiary Hearing and Setting Related Deadlines for P.C.F. Properties in TX's Motion to Dismiss this Chapter 13 Case** [D.I. 41].

Respectfully submitted,

Andrew T. Lolli

Attachments

cc:  Elizabeth Thomas (via email and U.S. First Class Mail)
    All counsel of record (via CM/ECF)