IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                                                                           Case No. 25-11431
      Elizabeth Thomas                                                              Chapter 13
                    Debtor.

Elizabeth Thomas

                    Plaintiffs

vs.

P.C.F. Properties in TX, LLC

                Non-Existent Entity

## MOTION TO WITHDRAW THE REFERENCE OF BANKRUPCTY CASE

## TO HONORABLE DISTRCT COURT JUDGE OF SAID COURT:

Elizabeth Thomas (the "Plaintiff")hereby submits this Motion to Withdraw Reference (the "Motion"), pursuant to 28 U.S.C. § 157 of the entire bankruptcy proceeding and this relief is sought from a District Court Judge as follows:

### PROCEDURAL HISTORY

The debtor as been assigned to this court so as to align this bankruptcy proceeding with In re: Ernesto Simpson Chapter 7, Case No. 25-11742. As there is this big investigation into a alleged fraudulently conspiracy involving the ownership property located at 8202 Terra Valley Lane, Tomball TX. 77375.  When in fact the only conspiracy here is the fact that the law firm of Armstrong Teasdale LLP., John V. Burger, the law firm of Barry & Sewart LLP, and Tony Halris whom are dissatisfied with federal district judge that refuse to participate with illegally fixing  April 19,2023, judgment and stopped anyone else ability to amend said judgment.

1 | P a g e

On April 19, 2023, the state court signed a judgment that quieted tile to said property at issue to PCF Properties in TX, LLC, a Colorado limited liability company on its counterclaims and third party claims in the case styled as: *James Allen, Allan Haye and Robert Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James Andersen* **_formerly_** in the 80th District Court, under **_former_** cause No 2020-35780.

Non-Suited P.C.F. PROPERTIES IN TX, LLC, a Texas Limited Liability Company whom the state court signed the Plaintiff non-suited for on February 18, 2022, having filed no answer, counter-claims, or sought any affirmative relief was effectively removed as the defendant in the state court lawsuit.

However since the state court signed the April 19, 2023, judgment, Non-Suited P.C.F. PROPERTIES IN TX, LLC ("Texas"), **_months_** after the judgment became final has commence to argue that said April 19, 2023, was in the wrong entity name i.e. PCF Properties in TX, LLC, (" Colorado"). Texas Rule of Civil Procedure 329b(d) provides that a trial court only has plenary power to grant a new trial or to vacate modify correct or reform the judgment within thirty days after the judgment is signed."

Non-suited P.C.F. PROPERTIES IN TX, LLC, ("Texas"), thereinafter created the fictitious Non-Existent P.C.F. Properties in TX. LLC ("Non-Texas Entity") and unsuccessfully attempted to get the First Court of Appeal of Houston, Texas Supreme Court and the 80th District Court in. to realign parties to the April 19, 2023, judgment by naming Non-suited P.C.F. PROPERTIES IN TX, LLC, ("Texas"), as the defendant instead of *PCF Investments Inc., its subsidiary PCF Properties in Texas LLC* ("Colorado") *each court gas refused.*

In order stop Non-suited P.C.F. PROPERTIES IN TX, LLC, ("Texas"), and its various counsel 'ongoing attempt to fraudulently alter or amend the April 19, 2023, judgment the state

court action has been non-suited and the names have been parties have been realigned per the Honorable Judge George C. Hanks Jr. U.S.D.J.

Bankruptcy courts lack jurisdiction to function as appellate courts reviewing decisions of a higher courts. The fundamental structure of the federal judiciary means that bankruptcy courts are not authorized to sit in review of district court decisions. The principle that a lower court cannot overrule a higher court's decision is generally understood.

## JURSIDICTION

This Court may only hear a case in which venue is proper pursuant to 28 U.S.C. § 1408(1), venue is proper "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding [the petition date]…" Here, venue is **_not_**  proper pursuant to § 1408(1).  Debtor has inability to produce a complete New York address i.e. apartment number.

The reason the Debtor can't disclosed the apartment number can show the court that here exist threats violence from Tony Halaris director of P.C.F. PROPERTIES IN TX LLC, ("Texas")  its counsel John V. Burger,  Barry & Sewart PLLC., and now  Armstrong Teasdale LLP., will take P.C.F. PROPERTIES IN TX LLC, ("Texas") business card and attached a picture of a monkey with a noose around its necks and post to the door of the Debtor and those associated with homes, post pictures of the Negros being lynched along with copies of postcards of Negros being lynched  and will make and post flyers of pictures of Emmitt Till in his open coffin. In the State of Texas they have violently minor children Debtor and other Negros cannot attend hearing in person in federal unless the U.S. Marshals are present and cannot attend state court hearing without the Houston Police Department

## FACTS

1.      On September 25, 2025, Armstrong Teasdale LLP., filed a "Objection to Debtor Confirmation of Chapter 13 Plan and Motion to Dismiss due to lack of Venue" on behalf of the fictitious Non-Existent P.C.F. Properties in TX. LLC alleging this no-existent entity is the debtor creditor evidence by same Proof of claims Nos. 8, 9, 10, 11, and 12. Non-Existent P.C.F. Properties in TX, LLC. is not a creditor as they lack a legal existence.

2.      Proof of claims Nos. 8, 9, 10, 11, and 12, were filed by P.C.F. PROPERTIES IN TX LLC, a Texas limited Liability Company.

3.      According to the Texas Secretary of State Non-Existent P.C.F. Properties in TX. LLC is not Texas limited liability company and instead is a unrelated separate and distinct from P.C.F. PROPERTIES IN TX LLC, a Texas limited Liability Company they are not one and the same entity.

4..  Armstrong Teasdale LLP., has filed numerous pleadings on behalf of a fictitious Non-Existent P.C.F. Properties in TX, LLC, for the sole purpose of attempting to get this bankruptcy court to function as appellate court by reviewing decisions of higher federal district court as means to re-litigate title to the ownership of property located at 8202 Terra Valley Lane, Tomball Tx., 77375, (the "Texas Property").  By continuing its ongoing baseless argument that said fictitious Non-Existent P.C.F. Properties in TX, LLC, was and is a party to the state court action therefore is a party to the April 19, 2023, judgment and bankruptcy court. This way the can issue a ruling that said fictitious entity is

5.  The Honorable Judge George C. Hanks Jr. U.S.D.J. has realigned the parties to the **state court** case after it was non-suit as detailed below to stop the creation of fictitious entities so as to continue to attempt to alter or amended said April 19, 2023, judgment after almost 3 years.

### A.    The Honorable Judge George C. Hanks Jr. U.S.D.J.

6.    On July 11, .2024 John V. Burger, and the Barry & Sewart PLLC, law firm filed " in 80th District Court ("the State Court") in cause No. 2020-35780  new case as a "case within a case." below is a snapshot:

```
                                                        7/11/2024 1:16 PM
                                                        Marilyn Burgess - District Clerk Harris County
                                                        Envelope No. 89675417
                                                        By: DANIELLE JIMENEZ
                                                        Filed: 7/11/2024 1:16 PM

                        *CAUSE NO. 2020-35780

JAMES ALLAN, ROBERT L. THOMAS    §    IN THE DISTRICT COURT
and ALLAN HAYE,                  §
    Plaintiffs/Counter-Defendants,§
                                 §    80th JUDICIAL DISTRICT
v.                               §
                                 §
PCF PROPERTIES IN TEXAS, LLC, ET §    HARRIS COUNTY, TEXAS
AL                               §
    Defendant/Third-Party Plaintiff§

            MISC. DOCKET NO. 2020-35780

In Re: A Purported                    In the District Court
Lien or Claim Against Real Property Owned by    In and For Harris County, Texas
P.C.F. Properties in TX, LLC          80th Judicial District
```

7.    On March 26, 2024, Defendant PCF Properties in Texas LLC a Colorado limited liability company ("the Defendants"),  for the third time filed a "Notice of Removal" removing both of the two above-mention "case within a case" from the 80th District Court to the U.S. Southern District Court of Texas Houston; Division under case No. 25-cv-01437 before the Honorable Judge George C. Hanks Jr. U.S.D.J.

8.    Defendant PCF Properties in Texas LLC., ("Colorado"), pleaded before the Honorable Judge George C. Hanks Jr. U.S.D.J. that on October 10, 2024, Mr. Andersen had filed a "Notice of Removal" with the U.S. District Clerk in the U.S. Southern District Court of Texas: Houston Division under case No. 24-cv-03875 removing the "case within a case" as show blow:

 *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen* cause No. 2020-35780, from the 80th District Court, Harris County, Texas.

**Or**

P.C.F. *Properties in TX, LLC vs. James M. Andersen, Elizabeth Thomas, Jasmine B. Jarbis, Jireh Pitts, and Monique Moore et al,* Misc. Docket No. 2020-35780 from the 80th District Court, Harris County, Texas.

5 | P a g e

9. On or about October 13, 2024, the U.S. District Clerk of Court on behalf of the Court contacted Mr. Andersen and advised that October 10, 2024, Notice of Removal had been incorrectly filed, as Andersen **cannot** file a "case within a case." It's either the parties in case under cause No.2020-35780 or the parties in case under MISC Docket 2020-35780, but it cannot be both and is subject to dismissal unless amended.

10. The U.S. District Court reassigned case has been to bankruptcy court before the Honorable Judge Alfredo R. Perez U.S.B.J. After Andersen filed the October 15, 2024, Amended Adversary Complaint ("Notice of Removal Petition") and the bankruptcy court terminated *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC., Elizabeth Thomas and James Andersen* from the case and; On November 5, 2024, signed a "Remand Order" remanding only the new case styled as *P.C.F. PROPEPRTIES IN TX LLC.* ("Texas") *vs. James M. Andersen, et al., et al* back to the 80th District Court.

11. A removal petition (a"Notice of Removal") may be amended freely within the thirty day period set forth in 1446(b).'" Gibbs v. Ocwen Loan Servicing, Inc., No. 3:14-cv-1153-M-BN, 2014 WL 2767206, at *3 (N. D. Tex. June 18, 2014) (quoting Alford v. Chevron U.S.A. Inc., No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014). A amended complaint supersedes a ***prior complaint*** and ***renders the prior complaint of no legal effect***. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)). Eason vs. Holt, 73 F.3d 600, 603, (5th Cir 1996).

12. Defendant PCF Properties in Texas LLC, ("Colorado") argued before the Honorable Judge George C. Hanks Jr. U.S.D.J., that despite the fact the claims and **former** parties in the case styled as: *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen* were

non-suited through the October 15,2023, amended removal petition;  John V. Burger, and Non-Suited P.C.F. PROPEPRTIES IN TX LLC. ("Texas") were presently before the 80th District Court trying to get the Court to reinstate and remand the *__former__* case that was non-suited and never remanded back to said court.

13.   John V. Burger, Non-Suited P.C.F. PROPEPRTIES IN TX LLC. ("Texas")had set a hearing for March of 2025, before the Honorable Judge Manor successor judge in the 80th District Court naming the *former* non-suited parties;  *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC ,vs. Elizabeth Thomas and James M. Andersen and* seeking the court to realign parties to the April 19, 2023,  judgment by naming Non-Suited P.C.F. PROPERTIES IN TX, LLC, the Texas limited liability company as the proper party as the .defendant instead of Defendant *PCF Properties in Texas LLC* a Colorado limited liability company.

14.   On May 9, 2025, the Honorable Judge George C. Hanks Jr. U.S.D.J., solution was to realign the parties in every court where an action regarding the property was pending, i.e. the 80th District Court, First Court of Appeals and Texas Supreme Court.  As to the 80th District Court the remand order made clear that the parties in case under cause No. **2020-35780**, is realigned as P.C.F.PROPERTIES IN TX, LLC. vs. PITTS, JIREH *et al.,*  below is a snapshot of the remand order.



7 | P a g e

15. The case *formerly* styled as *James Allen, Alan Haye, Robert L. Thomas, vs. PCF Investment Inc., and its Subsidiary PCF Properties in Texas LLC* vs. *Elizabeth Thomas and James M. Andersen formerly* under cause No. 2020-35780 has been non-suited in federal court and was never remanded back to state court. The case and parties wee realigned and former case no longer exist.

16. In Texas, temporary orders such as Proof of claims 8, 9, 10, 11, are interlocutory in nature and exist only while a case is pending. When the underlying action is dismissed, those orders lose their legal foundation. *In General Land Office of the State of Texas v. OXY U.S.A., Inc*. Texas appellate courts consistently apply this rule, holding that temporary orders "automatically dissolve by operation of law" upon nonsuit and require no further action by the trial court. See *In re Harriman*, No. 05-18-01332-CV, 2018 WL 6273523, at *2 (Tex. App.—Dallas Dec. 6, 2018, mem. op.).. The effect of a non-suit is that temporary orders are nullified automatically without the need for a separate court order. *In re Bennett*, 960 S.W.2d 35, 38(Tex. 1997): See *Hyundai,* 892 S.W.2d at 854-55.

17. Another effect of the Honorable Judge George C. Hanks Jr. U.S.D.J., realigning of the parties in the former state court action is that it stops P.C.F.. PROPERTIES IN TX LLC, a Texas limited Liability Company, and it counsel from creating fake fictitious non-existent similar names such P.C.F. Properties in TX, LLC, as a means to attempt to either enforce or amend the April 19, 2023 judgment with ongoing litigation.

18. The Honorable Judge George C. Hanks Jr. U.S.D.J. realigning of the parties in the former state court action effectively bars Armstrong Teasdale LLP., from ongoing litigation in the fake and fictitious name of Non-Existent P.C.F. Properties in TX, LLC.

19. The Plaintiff adversary complaint for declaratory judgment seeks the court to declare

that because Non-Existent P.C.F. Properties in TX, LLC has no legal existence under state law, it lacks the capacity to be a "creditor" as defined by 11 U.S.C. § 101(10), which requires the claimant to be an "entity."

20. Withdrawal of the reference is also warranted because the bankruptcy court lacks constitutional authority to finally adjudicate Plaintiff private rights. In addition, Plaintiff has requested jury trials and do not consent to the bankruptcy judge's trial of this matter. 28 U.S.C. §§ 157(d), (e). Thus, even if the Court does not find mandatory withdrawal required, cause exists for permissive withdrawal as it will promote judicial economy.

## ARGUMENT

A. **Withdrawal of the reference is mandatory because substantial and material consideration is required of both the Bankruptcy Code and other federal laws**

Section 157(d) of the Judicial Code provides that:

> The district court shall, on timely motion of a party so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Under this provision, "a litigant can mandate withdrawal of the bankruptcy reference where the movant shows that, absent the withdrawal, the bankruptcy judge would be obliged 'to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statute.'" *Picard v. HSBC Bank PLC*, 450 B.R. 406, 409 (S.D.N.Y. 2011) (citing *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991)) (emphasis in original); see also *In re Ionosphere Clubs, Inc*., 922 F.2d 984, 995 (2d Cir. 1990) (same); P*icard v. JP Morgan Chase & Co*., 454 B.R. 307, 312 (S.D.N.Y. 2011) (same); *Enron Power Mktg., Inc. v. Cal. Power Exch. Corp*., 2004 Westlaw 2711101 at *2 (S.D.N.Y. Nov. 23, 2004) (providing that the

9 | P a g e

reference of any proceeding that involves "substantial and material consideration" of non-bankruptcy federal law must be withdrawn) (quoting *Shugrue v. Air Line Pilots Ass'n Int'l*, 922 F.2d 984, 995 (2d Cir. 1990)). "Mandatory withdrawal is therefore appropriate where the case would require 'the bankruptcy court to engage itself in the intricacies' of non-bankruptcy law, as opposed to 'routine application' of that law or the 'straightforward application of a federal statute to a particular set of facts.'" *In re Extended Stay, Inc*., 466 B.R. 188, 196 (S.D.N.Y. 2011) (citations omitted).

Withdrawal of the reference involving substantial consideration of non-bankruptcy federal law is mandatory "regardless of whether the bankruptcy judge is familiar with the non-bankruptcy federal law*." In re MF Global Inc*., 484 B.R. 18, 22 (S.D.N.Y. 2012). Likewise, mandatory withdrawal does not depend on whether the matter to be decided falls within the bankruptcy court's "core" or "non-core" jurisdiction. *New York v. Exxon Corp*., 932 F.2d 1020, 1026 (2d Cir. 1991) (noting that even matters within the bankruptcy court's "core" jurisdiction "must be withdrawn under § 157(d) if they require the bankruptcy court to substantially interpret federal statutes which affect interstate commerce"

The Plaintiff (a "Negro") is presently being target singled out to be treated different than others non-Negros in bankruptcy proceeding and forced into litigation with a fictitious entity Non-Existent P.C.F. Properties in TX ,LLC., that is not registered in any of the 50 States in the Union as a legal entity. However is falsely acting as if it's the Plaintiff creditor for the sole purpose of getting a bankruptcy court that are not authorized to sit in review of district court decisions to so anyway and review the Honorable Judge George C. Hanks Jr. U.S.D.J., decision which interferes with the ability of the court to "fix" alter and amend the April 19, 2023 judgment.

John V. Burger, and Non-Suited P.C.F. PROPERTIES IN TX LLC. ("Texas"), director Tony Halaris and , Armstrong Teasdale LLP, they are not bound by any decision rendered by a the Honorable Judge George C. Hanks Jr. U.S.D.J., and the Plaintiff a Negro does not have any federal constitutional protective rights or equal right that prohibits Armstrong Teasdale LLP., them from discriminating against the Plaintiff and forcing litigation with a non-existing entty.

In the Second Circuit, an entity that lacks a legal existence (such as an unincorporated association or a defectively formed corporation) ***cannot*** be a "creditor" with a valid claim in bankruptcy because it lacks the capacity to hold legal rights or ***commence litigation***. A entity that has no legal existence under state law, it lacks the capacity to be a "creditor" as defined by 11 U.S.C. § 101(10), which requires the claimant to be an "entity."

The key case and related principles from the Second Circuit regarding this issue as of 2026 include: *In re Maidan* 023 WL 2190228 (Bankr. E.D. NY February 23, 2023) While a bankruptcy court decision, it applies Second Circuit principles to hold that an unincorporated entity—specifically one that failed to achieve legal status with the state and lacked an operating agreement—***cannot*** qualify as a "creditor" or maintain status as a secured creditor. The court noted that state law determines the rights of such entities, and if an entity lack the legal existence it also lacks capacity to assert claims and imitate litigation in bankruptcy.

B. **The Court should exercise its discretion to withdraw the reference**.

Alternatively, the Court should withdraw the reference as a matter of discretion pursuant to § 157(d), which provides in relevant part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). As this Court has explained, the Second Circuit, prior to the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011),

11 | P a g e

directed that the district court weigh several factors to determine whether a party has shown "cause" for permissive withdrawal, including:

> (1) whether the claim [or proceeding] is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 188 (S.D.N.Y. 2012) (paraphrasing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993)) (alteration in original).

However, the first Orion factor has since been supplanted. "[I]n evaluating a motion to withdraw post-Stern, the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue." Id. (citing *In re Arbco Capital Mgmt., LLP*, 479 B.R. 254, 262 (S.D.N.Y. 2012); *Weisfelner v. NAC Investments LLC*, 467 B.R. 712, 719 (S.D.N.Y. 2012); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 463-64 (S.D.N.Y. 2011)) (emphasis in original). In fact, "whether or not a bankruptcy court has constitutional authority to enter a final decision in the particular action may be the most important factor in determining the permissive withdrawal of the reference." Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Securities LLC, 486 B.R. 579, 584 (S.D.N.Y. 2013). Here, each of the Orion factors, as formulated post-Stern, weighs in favor of withdrawal of the reference.

1. **The bankruptcy court lacks constitutional authority to enter final judgment on the claims at issue**

"In analyzing whether the bankruptcy court may constitutionally enter a final judgment, in turn, the Court considers the three factors emphasized in Stern: 1) whether the defendant filed a proof of claim in the bankruptcy proceeding, 2) whether the right is public or private, and 3)

whether the parties consented to have the bankruptcy court enter final judgment." *Arbco,* 479 B.R at 262.

*First*, there are no proofs of claim for the bankruptcy court to determine, as their exist no record of proof of claims filed in the name of the fictitious Non-Existent P.C.F. Properties in TX, LLC., as such the issue is not "part of the process of allowance and disallowance of claims." *Cf. Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989).

*Second*, Plaintiff' Declaratory Judgment claims seeks the court to declare P.C.F. Properties in TX, LLC,is non-existent as such (1) lacks s*tanding under* Section 1109(b); (2) lacks constitutional standing; (3) lacks prudential standing; (4) has committed bankruptcy fraud by claiming to be a creditor; (5) has made material false representations of bad faith filings of the debtor; and (6) has claim ownership in others non-debtors property that a non-existent entity such Non-Existent P.C.F. Properties in TX, LLC like the dead cannot not hold such title or interest in land under Texas law implicate private rights that may only be determined by an Article III court. The "public rights" exception allows Congress constitutionally to assign certain cases to legislative courts for resolution. Stern, 564 U.S. at 485.

The Non-Existent P.C.F. Properties in TX,LLC, seeks the court to determine property rights they do not have as a means to deny the actual owner non-debtors of the right to be heard. In the 1982 case *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 87 (1982) the Supreme Court ruled that bankruptcy courts could not constitutionally decide state law claims between parties that were not the debtors. The court found that adjudicating these "private rights" was a power reserved for Article III courts, which bankruptcy courts are not.

These adversary proceedings between the debtor, Non-Existent P.C.F. Properties in TX, LLC, and non-debtor property owners are not "core proceedings," as they do not arise under a

statutory provision of title 11, would have had a separate existence outside of bankruptcy in state court, and are not within the statutory examples set forth as "core proceedings" in 28 U.S.C. § 157(b)(2). At best, these adversary proceedings are "related to" (or non-core) proceedings.

Unless the parties consent, and plaintiff and non-parties do not a bankruptcy court does not have authority to enter final orders and judgments in "related to" proceedings, but instead must submit proposed findings of fact and conclusions of law to the district court. See 28 U.S.C. § 157(c)(1)(2). The Bank has not consented to entry of a final judgment by this Court in any of these adversary proceedings.

Therefore, a dispute over real property ownership between non-debtors would likely be considered a private right governed by state law. A bankruptcy court would not have the authority to issue a final ruling on such a matter without the consent of both parties; it would need to refer the matter to the U.S. district court or abstain to allow a state court to decide.

Plaintiff/Debtor and non-party property owners have a right regardless of race under the Seventh Amendment to a jury trial translates to the Article III context: "the question whether the Seventh Amendment permits Congress to assign its adjudication to a tribunal that does not employ juries as fact finders requires the same answer as the question whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III.

*Third*, Plaintiff do not consented to have the bankruptcy court enter final judgment. As discussed above, in their objection to the Procedures Order, Defendants reserved their right to seek withdrawal of the reference.

2. **Withdrawal of the reference at this time will ensure the most efficient use of judicial resource.**

In essence this case is about whether the negro Plaintiff a negro has rights civil right a under the U.S. Constitution and any Equal protection rights to be treated the same as non-Negros

in a proceedings as there are numerous attorney's from different backgrounds that advised there is thing else a mist with this case because a non-existent entity cannot be a creditor under11 U.S.C. § 101(10), .

Despite this law Plaintiff due to discrimination is still being forced into litigation with a non-existent entity P.C.F. Properties in TX,LLC., is not a creditor of the Plaintiff nor a creditor under under11 U.S.C. § 101(10), .   I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge." Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.), 579 B.R. 710, 715 (S.D.N.Y. 2016)   Accordingly, there are no particular efficiencies to begained by leaving these matters with the bankruptcy court.

 Moreover, the bankruptcy court cannot enter final judgment on the claims at issue; that authority is reserved to the Article III court. Nor can it conduct the jury trials to which Defendants are entitled under the Seventh Amendment. *Roman Cath. Diocese of Rockville Ctr., New York v. Arrowood Indem. Co*., 2021 WL 1978560, at *10 (S.D.N.Y. May 17, 2021) ("Bankruptcy courts are prohibited from conducting jury trials on claims over which they lack final adjudicative authority.") (citing Orion, 4 F.3d at 1101; FKF 3, LLC, 2016 WL 4540842, at *14 n.11 (extending Orion to matters that fall beyond a bankruptcy court's final adjudicative authority)). Thus, any determination or proposed findings of the bankruptcy court will be subject to de novo review by this Court, an inherently inefficient duplication. *Dev. Specialists*, 462 B.R. at 472   Withdrawal of the reference of the proceedings immediately will enhance judicial economy by eliminating duplicative proceedings and enabling this Court to develop familiarity with these complex matters of first impression. "The sooner the action is transferred to the district court, the sooner that court can familiarize itself with the case and shepherd it to a

resolution. The parties do not obtain any benefit from the case being before the Bankruptcy Court." Id.

3. **Withdrawal of the reference will not cause delay and will reduce the costs**.

The Adversary Proceedings are at the nascent stage. Answers to the complaints were due just two business days ago. There are no motions to dismiss pending, and no discovery has yet taken place. Thus, "bringing the actions before this Court will not cause undue delay or require any duplication of effort." Dev. Specialists, 462 B.R. at 472. Just the opposite: Plaintiffs "will be prejudiced by the cost and will continue to be bankrupt of having to multiply proceedings.

4. **Withdrawal of the reference will not interfere with the uniformity of bankruptcy administration**.

There is no bankruptcy administration as the Plaintiff/Debtor a negro has the right just as other non-negro to dismiss her Chapter 13 case. In the Second Circuit a debtor generally has at any an absolute right to dismiss their Chapter 13 case time, as long as it hasn't been converted from another chapter, based on the plain language of Bankruptcy Code § 1307(b). This means the bankruptcy court must grant the dismissal and lacks discretion to deny it, even if creditors object or the debtor might be seen as a "bad actor.,"    The landmark case is *In re Barbieri* (199 F.3d 616), where the Second Circuit Court of Appeals held that the language of 11 U.S.C. § 1307(b) is mandatory.

Debtor gives not Notice that seeks to dismiss her Chapter 13 in accord with 11 USC 1307(b). This case was not previously converted under sections 706, 1112 or 1208 of Title 11 of the United States Code.

5. **Forum shopping**

This not a concern here. As discussed above, Plaintiff and non-parties are entitled to have the Adversary Proceedings, which implicate constitutional and private rights, finally determined

16 | P a g e

by an Article III court. "Because the Bankruptcy Court cannot enter a final judgment over these claims, this matter will end up before a district court regardless of the outcome of this motion. Accordingly, withdrawal of the bankruptcy reference does not promote forum shopping." *Arrowood*, 2021 WL 1978560, at *11; see also *Brown Publ'g Co. v. Brown*, 2017 WL 455418, at *5 (E.D.N.Y. Feb. 1, 2017) (holding that the inability of a bankruptcy court to enter a final judgment eliminates concerns over forum shopping). Nor does withdrawing the reference immediately, rather than deferring withdrawal to a later stage of litigation, raise concerns about forum shopping. "[T]he Court does not condone forum shopping by allowing them to come here sooner rather than later." *Dev. Specialists*, 462 B.R. at 473.

Moreover in the 1982 case *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 87 (1982) the Supreme Court ruled that bankruptcy courts could not constitutionally decide state law claims between parties that were not the debtors. The court found that adjudicating these "private rights" was a power reserved for Article III courts, which bankruptcy courts are not. Accordingly, this factor weighs in favor of withdrawal.

6. **Other factors weigh in favor of withdrawal of the reference**.

Additional factors that courts consider in analyzing whether permissive withdrawal is appropriate include whether the parties have requested a jury trial, and whether the legal issues to be resolved are of a type usually determined by the district court rather than the bankruptcy court. *Orion*, 4 F.3d at 1101; see also *Complete Management Inc. v. Arthur Andersen, LLP*, 2002 WL 31163878, at *3 (S.D.N.Y. Sept. 27, 2002) (granting permissive withdrawal of the reference based on a number of factors, including that the "adversary proceeding raises legal issues more commonly resolved by this court than the bankruptcy courts, and the advancement of this action.

17 | P a g e

As discussed above, Plaintiff and Non-Debtors have requested and are entitled to jury trials, have requested jury trials, and have not consented to the conduct of such jury trials by the bankruptcy court. Thus, both of these additional factors favor permissive withdrawal.

## CONCLUSION

The reference of these Adversary Proceedings, therefore, is subject to mandatory withdrawal from the bankruptcy court. Alternatively, ample cause exists for this Court to exercise its broad discretion to withdraw the reference. For the foregoing reasons, Plaintiff's respectfully request that the Court withdraw the reference of the entire bankruptcy proceeding and Adversary Proceedings pursuant to 11 U.S.C. § 157(d).

Respectfully submitted

/s/Elizabeth Thomas
Elizabeth Thomas Self Represented
712 H Street NE # 2487
Washington DC 20002
Tethomas3@aol.com