UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH THOMAS,

                                        Plaintiff,

                    -v-

P.C.F. PROPERTIES IN TX, LLC,

                                        Defendant.

---

26 Civ. 868 (PAE) (GS)
26 Civ. 871 (PAE) (GS)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Currently pending are motions, pursuant to 28 U.S.C. § 157, to withdraw from this District's Bankruptcy Court the bankruptcy action entitled *In re Elizabeth Thomas*, No. 25-11431 (Bankr. S.D.N.Y.). 26 Civ. 871, Dkt. 1; 26 Civ. 868, Dkt. 1. Before the Court is the March 18, 2026 Report and Recommendation of the Hon. Gary Stein, United States Magistrate Judge, recommending that the Court deny plaintiff's motions as moot. *Id.*, Dkt. 8; 26 Civ. 871, Dkt. 9 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

On April 13, 2026, plaintiff filed objections to the Report, doing so in identical filings in the two docket numbers above. *See* 26 Civ. 868, Dkt. 9; 26 Civ. 871, Dkt. 10. These objections did not dispute the Report's finding that her underlying motion was moot. *Id*. at 9. Instead, they argued that the Report erred in reaching issues as to which it purportedly "lacked jurisdiction." *Id*. Plaintiff's objections are untimely. The Report explicitly states that "the parties shall have fourteen days, inclusive of weekends and holidays, from service of [the Report] to file written objections thereto." *Id*. That deadline elapsed by April 1, 2026, and plaintiff never requested— or received—any extension to file her objections. Accordingly, plaintiff's failure to timely object renders review for clear error appropriate.[1] *See, e.g., Lithgow v. Keyser*, 21 Civ. 998, 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) ("[B]ecause 'failure to object timely to a magistrate's [disposition] operates as a waiver of any further judicial review of the magistrate's decision,' the Court need not consider the merits of [plaintiff's] [O]bjection[ ]." (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))); *McNamee v. Clemens*, No. 9 Civ. 1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014); *Humphreys v. New York City Health & Hosps. Corp.*, No. 16 Civ. 9707, 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023).

Careful review of Judge Stein's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to file timely objections will preclude appellate review," Report at 9, the parties' failure to timely object operates as a waiver of appellate review. *See Caidor v.*

---

[1] Even assuming *arguendo* that plaintiff's objections were timely, plaintiff's principal argument—that her motions were moot as of February 12, 2026 and, therefore, the District Court lacked subject matter jurisdiction—is inaccurate, as plaintiff filed, on February 26, 2026, an appeal of the Bankruptcy Court's February 12, 2026 order. *See In Re Thomas*, 26 Civ. 1611 (S.D.N.Y. Feb. 26, 2026), Dkt. 1. On April 27, 2026, plaintiff voluntarily dismissed this appeal. *Id.*, Dkt. 8.

2

*Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

## CONCLUSION

For the foregoing reasons, the Court denies the motion to withdraw from this District's Bankruptcy Court the bankruptcy action entitled *In re Elizabeth Thomas*, No. 25-11431 (Bankr. S.D.N.Y.). The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file and to terminate the cases 26 Civ. 868 and 26 Civ. 871.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 8, 2026
New York, New York

3